# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1422V
Filed: June 22, 2022
UNPUBLISHED

|  |  |
|---|---|
| SHARON VOLPE,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs |

*Jeffrey Golvash, Golvash & Epstein, LLC, Pittsburgh, PA,* for petitioner.
*Ryan Pyles, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 4, 2021, petitioner moved for an award of interim attorneys' fees and costs. (ECF No. 107.) Respondent filed a response deferring to my discretion regarding the amount and appropriateness of an award of such fees and costs. (ECF No. 108.) Petitioner requests $67,880.00 to be paid for attorney and paralegal fees with an additional $31,707.83 to be paid for other costs for a total of $99,595.83. For the reasons discussed below, I award petitioner the total requested amount.

### I.   Procedural History

On October 28, 2016, filed a petitioner for compensation under the National Childhood Vaccine Injury Act alleging that she suffered undifferentiated connective tissue disease ("UCTD") caused by her November 8, 2013 influenza ("flu") vaccination. (ECF No. 1.) This case was originally assigned to then Chief Special Master Dorsey on

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

October 31, 2016.  (ECF Nos. 3.)  Petitioner filed her petition *pro se,* but later substituted Jeffrey A. Golvash as her attorney on September 8, 2017.  (ECF No. 14.)

Petitioner subsequently filed a series of medical records on January 16, 2018, and an amended petition on March 7, 2018.  (ECF Nos. 21, 22, 25.)  Respondent filed a Rule 4(c) report recommending against compensation on March 29, 2018.  (ECF No. 26.)  Petitioner filed additional medical records and an expert report from rheumatologist Dr. Lige Rushing on October 4, 2018.  (ECF No. 36.)  Respondent filed his responsive expert reports on March 5, 2019 and May 6, 2019 along with accompanying medical literature on May 28, 2019.  (ECF Nos. 39, 40, 43, 45, 46.)  This case was reassigned to my docket on June 7, 2019.  (ECF No. 50.)  Petitioner then filed an additional expert report from immunologist Dr. James DeAngelo on October 7, 2019, with a supplemental report from Dr. DeAngelo filed on March 21, 2020  (ECF Nos. 52-54, 59-60.)  Respondent filed additional expert reports on June 3, 2021.  (ECF No. 80.)

A two-day entitlement hearing was held in this case on September 21, 2021.  (ECF No. 104.)   Petitioner then filed the present motion on November 4, 2021.  (ECF No. 107.)  Respondent filed his reply on December 22, 2021.  (ECF No. 108.)  This case is now ripe for decision on interim fees and costs.

## II.    Awards of Interim Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  42 U.S.C. § 300aa–15(e)(1)(A)–(B).  Petitioners are eligible for an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375; *see also Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (citing *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017)) (observing three factors that have been considered when exercising discretion to award interim attorney's fees: (1) whether the fee request exceeds $30,000, (2) whether the expert costs exceed $15,000, and (3) whether the case has been pending for over 18 months.)

In light of the above, I exercise my discretion to allow an award of interim fees and costs.  This petition was filed nearly five years ago.  In that time, petitioner has incurred significant costs relative to securing medical records and expert support for his

2

claim.  Moreover, respondent has not objected, but instead deferred to my discretion as to whether the standard for an interim award of fees and costs is met in this case.

### III.     Amount of Reasonable Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).  However, petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Id*. at 484.  Notwithstanding that respondent has not raised any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008); *see also McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed Cl. 238, 250 (2018) (finding that the special master "abused his discretion by failing to independently review the petitioner's counsel's motion for attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable.").  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that he might go beyond the particularized list of respondent's challenges."  *Duncan,* 2008 WL 4743493.

Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act.  *Avera,* 515 F.3d at 1347.  The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–48 *(quoting Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings.  *Id*.  For attorneys receiving forum rates, the decision in *McCulloch v. Secretary of Health & Human Services* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has since updated the *McCulloch* rates to adjust for inflation and the Attorneys' Forum Hourly Rate Fee Schedules for successive years can be accessed online.[2]

---

[2] Each of the Fee Schedules for 2015 through 2022 can be accessed at http://www.cofc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323.  The schedules are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

I have reviewed the billing records submitted by petitioner's counsel. The requested rates are reasonable and consistent with those awarded to Mr. Golvash in prior cases. *See, e.g., Guido v. Sec'y of Health & Human Servs.*, No. 16-435V, 2021 WL 1972268 at *2 (Fed. Cl. Spec. Mstr. Apr. 23, 2021) (awarding the requested rates for work performed by Mr. Golvash from 2015 to 2020); *Sokol v. Sec'y of Health & Human Servs.*, No. V, 2019 WL 4723836 at *3 (Fed. Cl. Spec. Mstr. Aug 28, 2019) (awarding the requested rates for work performed by Mr. Golvash from 2014 to 2019). Although it does not appear that Mr. Golvash has been explicitly awarded an hourly rate for work performed in 2021, his requested rate is the same as it was in 2020. (Ex. A, pp. 1-19.) I therefore find the rates requested by Mr. Golvash to be reasonable.

Petitioner also requests an award for work performed by paralegals at a rate of $130 per hour for work performed from 2017 to 2019 and $150 per hour for work performed in 2020 and 2021. (Ex. A, pp. 1-19.) I find these rates to be reasonable. These requested rates are also consistent with what has been previously awarded to petitioner's counsel in prior cases. *See, e.g., Dunn v. Sec'y of Health & Human Servs.*, No. 16-1506V, 2020 WL 1161169, at *2-3 (Fed. Cl. Spec. Mstr. Feb. 3, 2020) (approving the requested rates for 2015-2019); *Sokol,* 2019 WL 4723836, at *3 (same).

Upon review of petitioner's counsel's submitted billing records, I find that they are sufficiently detailed and contain no instances of duplicative or otherwise excludable billing entries. Accordingly, no reductions are necessary.

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375. Reasonable expert costs are calculated using the same lodestar method used when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y of Health & Human Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Human Servs.*, No. 90-208V,1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and petitioner has the burden of demonstrating that the expert costs incurred were reasonable. *Ceballos v. Sec'y of Health & Human Servs.*, No. 99–97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004).

In this case, petitioner presented two experts, immunologist Dr. James DeAngelo who provided five different expert reports (Exs. 23, 42, 43, 54, 62), and rheumatologist Dr. Lige Rushing who provided one expert report (Ex. 18). Dr. Rushing billed a total of $9,100.00, including flat fees of $3,000 for a narrative report and $2,500 for the first day of the entitlement hearing in this case. (ECF No. 107-1, p. 34.) The remainder of Dr. Rushing's fees amounted to 12 hours billed at $300 per hour for an additional $3,600 for trial prep and additional testimony. (*Id*.) Dr. DeAngelo billed a total of 61 hours at a rate

4

of $350 per hour for a total expert cost of $21,350.00.  (*Id.* at 23-26,31-32.)  I find that the rates and the hours billed are reasonable and consistent with those billed experts with similar training and research experience.  *See, e.g., Larderer v. Sec'y of Health & Human Services,* No. 09-097V, 2016 WL 3044838 (Fed. Cl. Spec. Mstr. Apr. 20, 2016) (awarding an immunologist, Dr. Shoenfeld, $400 per hour); *Crutchfield v. Sec'y of Health & Human Servs.*, No. 09–39V, 2011 WL 3806351, at *8 (Fed. Cl. Spec. Mstr. Aug. 4, 2011) (paying Dr. Shoenfeld, $350 per hour); *Savin v. Sec'y of Health & Human Servs.*, No. 99–537V, 2008 WL 2066611, at *4 (Fed. Cl. Spec. Mstr. Apr. 22, 2008) (awarding another board-certified immunologist, Dr. Bellanti, $350 per hour without objection by the Secretary), *mot. for rev. denied on non-relevant grounds*, 85 Fed. Cl. 313 (2008); *Dougherty v. Sec'y of Health & Human Servs.*, No. 05–700V, 2011 WL 5357816, at *20 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) (awarding rheumatologist Dr. Bennett a rate of $400 per hour); *Gruber v. Sec'y of Health & Human Servs.*, No. 00–749V, 2009 WL 2135739, at *12 (Fed. Cl. Spec. Mstr. June 24, 2009) (awarding pediatric rheumatologist Dr. Rabinovich $350 per hour)., *mot. for rev. granted in part and denied in part*, 91 Fed. Cl. 773 (2010).

All other costs requested by petitioner are reasonable and supported by the appropriate documentation.  Accordingly, no reductions are necessary.

### IV.     Conclusion

**Petitioner's application for interim attorneys' fees and costs is GRANTED and petitioner is awarded a lump sum in the amount of $99,595.83, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Jeffrey Golvash, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).